liCALOGERO, Chief Justice,
dissenting from the denial of the rehearing.
Notwithstanding that the applicant failed to raise in his rehearing application the issue that prompted my dissent, I feel so strongly that Pendleton v. Barrett, 95-2066 (La.1996), 675 So.2d 720, should not be overruled and that, by the terms LSA-RS 40:1299.44(0(5) of the Medical Malpractice Act, medical malpractice victims need not prove causation as to the primary harm in a claim against the Plaintiffs Compensation Fund where $100,-000.00 has been paid in settlement of the claim,[1] that I would nonetheless grant the rehearing in this matter. I do, however, agree with the majority that the arguments that the applicant has urged in his application for rehearing are without merit.
As I noted in my dissent, the Legislature needs to take another look at the Medical Malpractice Act. The majority, in this case, pronounces a veiy narrow, and I think erroneous, interpretation of the admission of liability in LSA-RS 40:1299.44(0(5) that essentially deprives medical malpractice victims of the effect of the only pro-plaintiff provision in the Act. Specifically, the majority defines this statutory admission of liability to encompass only an admission of fault, and not an admission of any character of causation. I would read the statute more broadly to define the admission of liability to include not only an admission of fault, but also an admission as to those damages that emanate from the original harm that prompted the]2$100,000 settlement of the medical malpractice claim. In my view, this broader interpretation gives effect to the Legislature’s intent to balance the competing interest of medical malpractice victims and health care providers in the Medical Malpractice Act, whereas the majority’s narrow interpretation does not. As I see it, the statutory admission of liability in LSA-RS 40:1299.44(0(5) was meant as a privilege to medical malpractice victims, offsetting, in part, the advantage of the $500,000.00 cap on damages that the health care providers received.
For these reasons, I respectfully dissent from the majority’s denial of the rehearing.

. LSA-RS 40:1299.44(C)(5) reads, in pertinent part, as follows:
In approving a settlement or determining the amount, if any, to be paid from the patient's compensation fund, the court shall consider the liability of the health care provider as admitted and established where the insurer has paid its policy limits to one hundred thousand dollars, or where the self-insured health care provider has paid one hundred thousand dollars.